**SIAS LAW, INC.**
Jason Sias (SBN 279196)
 *Jsias@siaslawinc.com*
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone:    (888) 958-5071
Facsimile:    (888) 958-5072

Counsel for Plaintiff
Miriam Smith

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM SMITH,<br><br>    Plaintiff,<br>  vs.<br><br>CITY OF GILROY, a public entity; CITY OF GILROY POLICE CHIEF SCOT SMITHEE; and DOES 1-50 inclusive,<br><br>    Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)<br>3. Municipal Liability for Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)<br>4. Municipal Liability – Failure to Properly Train (42 U.S.C. § 1983)<br>5. Battery<br>6. False Arrest / False Imprisonment<br>7. Negligence<br>8. Violation of Bane Act (California Civil Code § 52.1)<br>9. Intentional Infliction of Emotional Distress<br>10. Assault<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1.  Plaintiff, MIRIAM SMITH, complains of defendants CITY OF GILROY, and DOES 1 through 50, inclusive, as follows:

**INTRODUCTION**

2.   This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the furious and unprovoked beating and tasing of Miriam Smith on January 27, 2019 in the City of Gilroy, County of Monterey, California.

**JURISDICTION**

3.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, 1367 and 1391, and arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United State Constitution. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

**INTRADISTRICT ASSIGNMENT TO SAN JOSE DIVISION**

4.   Venue is proper in this Court because the Defendants reside in, and all incidents, events, and occurrences and/or omission complained of herein giving rise to this action occurred in Monterey County, California, and this action is properly assigned to the San Jose Division of the United States District Court for the Northern District of California.

**PARTIES AND PROCEDURE**

5.   At all relevant times, MIRIAM SMITH (hereinafter as "Plaintiff" or "Ms. Smith") is a sixty-two-year-old African-American mother of nine, and a resident of California.

6.   At all relevant times, Defendant CITY OF GILROY (hereinafter as "CITY") is and was a duly organized public entity, form unknown, existing under the laws and Constitution of the State of California. At all relevant times, CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Gilroy Police Department (hereinafter as "GPD") and its tactics, methods, practices, customs, and usages. At all relevant times, CITY owns, operates, manages, directs and controls the GPD, which employs other defendants in this action.

7.   Defendant CITY OF GILROY POLICE CHIEF SCOT SMITHEE (hereinafter as "SCOT SMITHEE"), at all material times was the Chief of Police for the Gilroy Police Department and was acting within the course and scope of that employment. In that capacity, Defendant

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SMITHEE was a policy making officer for the CITY OF GILROY.

8.   Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50 (hereinafter as "DOES"), inclusive, and each of them, are not now known to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained. Each DOE Defendant was an employee/agent of the CITY and the GPD, and at all material times acted within the course and scope of that relationship.

9.   At all relevant times, CITY was the employer of DOES 1-20 who were CITY police officers, DOES 21-30 who were CITY police officers' supervisorial officers, DOES 31-40 who were managerial supervisorial and policymaking employees of the CITY Police Department. On information and belief, at all relevant times, DOES 1-40 were residents of California. DOES 1-40 are sued in their individual capacity for damages only.

10.   Plaintiff is informed and believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

11.   At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant in the conduct described herein including the wrongful search, seizure, and use of excessive force against the Plaintiff, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

12.   At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the CITY.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

13.  The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of Defendant CITY

14.  This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## FACTS COMMON TO ALL COUNTS

15.  Plaintiff realleges each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16.  On or about January 27, 2019, at about 5:20p.m. at or around 338 West 7th Street, Gilroy, California 95020 (hereinafter as "City Hall"), Defendants DOES 1-20, acting as integral participants, wrongfully arrested plaintiff without a warrant or probable cause.

17.  Prior Defendants' unwarranted and unlawful arrest, Ms. Smith pre-arranged for Plaintiff's sixth child and daughter (Ms. Turner) to be brought to GPD in response to an outstanding warrant for her daughter's failure to appear in court for a traffic citation, to then be placed into custody, and subsequently bonded out of custody (hereinafter as "remand and release").

18.  Plaintiff was the front passenger of a vehicle that was lawfully parked in the general vicinity of City Hall. Ms. Turner was the rear passenger in that vehicle.

19.  While waiting in their vehicle for the bail bondsman to arrive, a GPD officer approached Plaintiff's passenger window and demanded Plaintiff exit the vehicle.

20.  Plaintiff complied with the GPD officer's request, exited the vehicle, and suddenly DOES 1-20 (at least three GPD officers) joined or fundamentally assisted the GPD officer's illegal arrest when they physically slammed Plaintiff against the vehicle, grabbed Plaintiff's arm, yanked Plaintiff away from the vehicle and tackled Plaintiff to the ground. After GPD officers DOES 1-20 slammed Plaintiff to the ground, GPD officers DOES 1-20 used a "stungun" or "taser" and tased Plaintiff multiple times (even after being detained), furiously beat and repetitively punched Plaintiff in the back, and forcibly held Plaintiff to the ground while they restrained her with handcuffs (arrested her) without legal justification. Upon information and belief, by this point in time, at least eight GPD officers joined or fundamentally assisted the GPD

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

officer's illegal arrest, including at least one GPD officer flaunted a baton and another GPD officer drew a firearm in a threatening manner.

21. Plaintiff experienced immediate and excruciating pain and pleaded with the officers to take her to the hospital because she felt numbness in her legs and in her back. Officers took her to the hospital to tend to her injuries.

22. During this beating, Plaintiff never threatened officers, was unarmed, and posed no immediate threat of death, serious physical injury or safety to any GPD officer, or any other person. Defendants ushered Plaintiff into a police vehicle to be immediately taken to the hospital. Plaintiff was held in custody, handcuffed for several hours, including at the hospital while medical personnel tending to her injuries. Defendants arrested Ms. Turner without any physical force upon realizing she was the person prearranged to remand and release.

23. At all times during Plaintiff's contact with Defendants, Plaintiff, aside from bellowing screams of pain, behaved peacefully and lawfully. Plaintiff never possessed or displayed any weapon, nor did she threaten anyone in any way. Plaintiff never resisted a lawful order and never attempted to escape (although she was never wanted for any crime). Defendants neither had reasonable suspicion to detain, nor probable cause to arrest Plaintiff, and the Defendants were not responding to a call from dispatch in pursuit of a crime.

24. Defendants DOES 1-20, individually and as peace officers, while acting in the course and scope of their employment with CITY, at a minimum, negligently assessed the circumstances presented to them and violently confronted Plaintiff without having probable cause to believe that she had committed a crime or would commit a crime in the future.

25. The use of force used by Defendants against Plaintiff caused severe injuries, was a very high level of force, and was unjustified and objectively unreasonable under the circumstances.

26. Defendants knew Plaintiff was present at GPD only to be with her sixth child to remand and release her daughter as a result of her daughter's failure to appear in court. Defendants' demand to detain and arrest Plaintiff was unlawful and unreasonably executed. Defendants used unreasonable tactics that included a large number of officers' present, a display of weapons (a baton and firearm), use of weapons (a stungun), and extreme physical force that included

slamming Plaintiff to the ground and beating Plaintiff with at least fist punches to Plaintiff's back.

27. At all material times, Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was conducted unreasonably. Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants decided to unlawfully seize and use force against Plaintiff and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff.

28. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

29. Plaintiff required medical treatment for her injuries Defendants caused.

30. As a direct and proximate result of Defendants' actions and omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Physical injuries requiring medical treatment, including, but not limited to: loss of consciousness, reliant on a wheelchair and walker for mobility, multiple contusions, memory loss, muscle soreness, myalgias, arthralgias, neck pain, bilateral leg pain, back pain, bilateral arm pain, shoulder pain, numbness in the right arm, and medical expenses;

    b. Wrongful search and seizures;

    c. Violation of constitutional rights;

    d. Lost business opportunities;

    e. Medical expenses;

    f. Pain and suffering and emotional distress, including, but not limited to, grief, anger, fear, trepidation and humiliation;

    g. All damages, costs, and attorney's fees and penalties recoverable

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statues, codes, and common law;

h.   In any amounts according to proof and in excess of the minimum jurisdictional amount of this Court as well as for the use of money, pre and post judgment interest, and such other damages as deemed just and proper.

31. Plaintiff filed a timely claim with Defendant CITY OF GILROY pursuant to California Government Code §§ 910 et. seq. on April 30, 2019. Defendant CITY rejected that claim on August 06, 2019.

## MONELL ALLEGATIONS

32. Plaintiff realleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.  Plaintiff is informed and believes and thereon alleges that based upon the principals set forth in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), GPD, and each of the Defendants sued herein is liable for all injuries sustained by Plaintiff as set forth herein. GPD, its officials and each of the Defendants sued herein were negligent, wrongful, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Furthermore, one or more DOE defendants were at all material times responsible for the hiring, training, supervision, and discipline of the other DOES. Moreover, Plaintiff is informed and believes and thereon alleges that the Defendants maintained or permitted one or more of the following official policies or customs:

a.   Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of force, including, but not limited to, taser deployment;

b.   Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force and detention;

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

c.   Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct;

d.   Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

e.   Condonation and encouragement of officers in the belief that they can violate the rights of persons such as Ms. Smith with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

f.   Gave consent, aid, and assistance to each of the DOES Defendants and ratified by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of the use of force and false imprisonment of Ms. Smith.

## **FIRST CLAIM FOR RELIEF**

### **Unreasonable Search and Seizure – Excessive Force**

### **(42 U.S.C. § 1983)**

### **(By Plaintiff Miriam Smith against CITY, DOES 1-20 and DOES 41-50)**

34.  Plaintiff realleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35.  By the actions and omission described above, Defendants' use of force was both excessive and unreasonable under the circumstances. Defendants' unjustified beating and tasing of Plaintiff deprived her of her right to be secure in her persons against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments.

36.  This use of excessive force was especially unreasonable considering Plaintiff's, age, gender, that she was unarmed, posed no risk to officer or anyone's safety, and at one point already was detained on the ground and/or placed in handcuffs with her hands behind her back when she was further tased.

37.  Defendants' unlawful use of force caused Plaintiff extreme mental and physical pain and suffering, loss of enjoyment of life, and loss of earning capacity as set forth above.

38.  Defendants knew that their actions could result in significant bodily harm, in particular, their actions caused Plaintiff to be immediately taken to the hospital, and the unnecessary

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

forceful tactics Defendants dispensed resulted in Plaintiff being wheelchair bound.

39. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

40. As a result of their conduct, Defendants are liable for Ms. Smith's injuries, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations.

41. The claim against Defendants CITY, DOES 1-20 and DOES 41-50 is based upon Plaintiff's allegations that CITY's policies, practices or customs were a cause of the injuries suffered by Plaintiff as set forth herein.

42. As a direct and proximate cause of Defendants' actions and omissions as set forth above, Plaintiff suffered damages, including, but not limited to, those set forth at ¶ 30 above, and other pecuniary losses not yet ascertained.

43. The conduct of the Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 USC § 1983 and California law.

44. Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC § 1988 and applicable California codes and law.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Detention and Arrest**

**(42 U.S.C. § 1983)**

**(By Plaintiff Miriam Smith against CITY, DOES 1-20 and DOES 41-50)**

45. Plaintiff realleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46. By the actions and omission described above, Defendants' arrest of Plaintiff was both excessive and unreasonable under the circumstances. Defendants' unjustified beating, tasing, and handcuffing for several hours of Plaintiff deprived her of her right to be secure in her person against unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments.

47. This use of excessive detainment was especially unreasonable considering that

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

Defendants did not reasonable suspicion or probable cause to detain Plaintiff, and Defendants knew, or had reason to know, prior to their encounter with Plaintiff that Plaintiff was not her sixth child, Ms. Turner given the disparity in age difference and physical appearance, and that only Ms. Turner was present to remand herself into custody and be released – specifically when Ms. Turner's release and remand was prearranged.

48.   As a result of their conduct, Defendants are liable for Ms. Smith's injuries, either because they were integral participants in the detainment, or because they failed to intervene to prevent these violations.

49.   The claim against Defendants CITY, DOES 1-20 and DOES 41-50 is based upon Plaintiff's allegations that CITY's policies, practices or customs were a cause of the injuries suffered by Plaintiff as set forth herein.

50.   As a direct and proximate cause of Defendants' actions and omissions as set forth above, Plaintiff suffered damages, including, but not limited to, those set forth at ¶¶ 42-44, and other pecuniary losses not yet ascertained.

51.    The conduct of the Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 USC § 1983 and California law.

52.    Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC § 1988 and applicable California codes and law.

## **THIRD CLAIM FOR RELIEF**

### *Monell* **– Municipal Liability for Unconstitutional Custom, Practice or Policy**

### **(42 U.S.C. § 1983)**

### **(By Plaintiff Miriam Smith against CITY and DOES 21-40)**

53.   Plaintiff realleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.   On information and belief, the unconstitutional actions and/or omissions of Defendants, as well as other officers employed by or acting on behalf of Defendant CITY and GPD, were pursuant to the following customs, policies, practices, and/or procedures of the GPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by DEFENDANT

SCOT SMITHEE and other policy making officers for the CITY and GPD:

a.      To use or tolerate the use of excessive and/or unjustified force, including in the use of tackling, restraint tactics, and application of force;

b.      To engage in or tolerate unreasonable seizures;

c.      To fail to discipline or to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures, the use of physical arrest tactics and control holds, use of force, and conduct of off- duty law enforcement officers when the need for such training, supervision, policies, and procedures is obvious;

d.      To cover-up violations of constitutional rights by any or all of the following:

i.      by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures and/or excessive force;

ii.     by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information

e.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct;

f.      To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

g.      By employing and retaining as police officers and other personnel, including DOES 1-20, whom Defendants DOES 21-40, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating

SIAS LAW, INC.,
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

citizens by failing to follow written CITY Police Department policies.

h.     Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

i.     By failing to adequately train officers, including DOES 1-20, and failing to institute appropriate policies, regarding the use of excessive force, including deployment of a taser;

j.     By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, deployment of a taser, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 21-40 and CITY, were done with a deliberate indifference to individuals' safety and rights; and

k.     Of totally inadequately training CITY Police Officers, DOES 1-20, with respect to tasing unarmed individuals.

55. Defendants CITY, SCOT SMITHEE, and DOES 21-40 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline DOES 1-20, and other law enforcement personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

56. The unconstitutional actions and/or omissions of DOES 1-20 and other law enforcement personnel, as described above, were approved, tolerated and/or ratified by Defendant SCOT SMITHEE and other policy making officers for the GPD. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY and the GPD, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY and the GPD, including Defendant SCOT SMITHEE, have approved of the conduct of Defendants DOES 1-20 and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the and the GPD, including Defendant SCOT SMITHEE, have shown affirmative agreement with the individual defendant officers' actions,

SIAS LAW, INC.,
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

and have ratified the unconstitutional acts of the individual defendant officers.

57. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants CITY, SCOT SMITHEE, and DOES 1-20, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth above.

58. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

59. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY, SCOT SMITHEE, and DOES 1-50, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in ¶¶ 42-44, and punitive damages against SCOT SMITHEE and DOES 1-50 in their individual capacities. Plaintiff does not seek punitive damages against Defendant CITY.

**FOURTH CLAIM FOR RELIEF**

***Monell* – Municipal Liability for Failure to Properly Train**

**(42 U.S.C. § 1983)**

**(By Plaintiff Miriam Smith Against CITY and DOES 21-40)**

60. Plaintiff realleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61. While acting under the color of state law and within the course and scope of their employment as police officers for the CITY police department, DOES 1-20's beating and tasing of Ms. Smith, who was unarmed, deprived Ms. Smith of her rights and liberties secured to her by the Fourth and Fourteenth Amendments, including her right to be free from unreasonable search and seizure.

62. The training policies of the defendant CITY police department were not adequate to train

its police officers, including but not limited to, DOES 1-20, with regards to deploying a taser or using physical force. As a result, CITY police officers, including DOES 1-20, are not able to handle the usual and recurring situations with which they must deal, including making contact with unarmed individuals. These inadequate training policies existed prior to the date of this incident and continue to this day.

63.   The Defendant CITY police department was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including DOES 1-20, adequately with regards to using a taser or physical force. This inadequate training includes failing to teach officers to give a verbal warning when feasible prior to using a taser or using physical force to tackle Ms. Smith, to give commands when feasible prior to using a taser and/or using physical force to tackle Ms. Smith, and to use less harmful options prior to resorting to using a taser or physical force.

64.   CITY was aware that failure to implement some sort of training with regard to their officers' use of a taser or physical force and dealing with unarmed suspects would result in continuing to have numerous unreasonable officers involved excessive force claims involving unarmed individuals annually.

65.   The failure of the Defendant CITY police department to provide adequate training with regards using a taser and physical force, caused the deprivation of the Plaintiff's rights by DOES 1-20. Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

66.   Defendants CITY, SCOT SMITHEE, and DOES 21-40 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline DOES 1-20, and other law enforcement personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

67. The unconstitutional actions and/or omissions of DOES 1-20 and other law enforcement personnel, as described above, were approved, tolerated and/or ratified by Defendant SCOT SMITHEE and other policy making officers for the GPD. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

within the CITY and the GPD, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY and the GPD, including Defendant SCOT SMITHEE, have approved of the conduct of Defendants DOES 1-20 and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the and the GPD, including Defendant SCOT SMITHEE, have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

68. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants CITY, SCOT SMITHEE, and DOES 1-20, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth above.

69. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

70. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY, SCOT SMITHEE, and DOES 1-50, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in ¶¶ 42-44, and punitive damages against SCOT SMITHEE and DOES 1-50 in their individual capacities. Plaintiff does not seek punitive damages against Defendant CITY.

## FIFTH CLAIM FOR RELIEF

### Battery

### (California Government Code § 820 and California Common Law)

### (By Plaintiff Miriam Smith Against CITY, DOES 1-20 and DOES 41-50)

71.  Plaintiff realleges each and every allegation in paragraphs 1 through 70 of this

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

Complaint with the same force and effect as if fully set forth herein.

72. The actions and omissions of Defendants as set forth above constitute assault and battery.

73. Defendants, while working as police officers for Gilroy and acting within the course and scope of their duties, intentionally tased Ms. Smith multiple times, tackled Ms. Smith to the ground, and punched Ms. Smith in her back multiple times. Furthermore, Ms. Smith was unarmed and did not pose a threat to officer or anyone's safety. Moreover, DOES 1-20 did not give any warnings prior to tackling, tasing or beating Ms. Smith. Several deployments of a taser, tackling Ms. Smith to the ground and punching her in her back were unreasonable uses of force against Ms. Smith to which she did not consent. The use of such force was unreasonable considering there were less physical force options available and neither privileged nor justified under statute or common law.

74. CITY is vicariously liable for the wrongful acts of DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitle to relief as set forth above at ¶¶ 42-44.

### SIXTH CLAIM FOR RELIEF

**False Arrest / False Imprisonment**

**(California Government Code § 820 and California Common Law)**

**(By Plaintiff Miriam Smith Against CITY, DOES 1-20 and DOES 41-50)**

76. Plaintiff realleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. At no time during the events described above, and at all other pertinent times, did Defendants have a warrant for the arrest of Plaintiff, nor did Defendants have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime. Defendants also lacked reasonable suspicion to detain Plaintiff at any time, and Defendants were not engaged in any lawful investigative detention of Plaintiff.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

78. Defendants DOES 1-20, while working as police officers for CITY, and acting within the course and scope of their duties, intentionally deprived Plaintiff of her freedom of movement by use of force, threats of force and unreasonable duress when Defendants DOES 1-20 tackled, beat, and tased Plaintiff multiple times and injured her. Defendants DOES 1-20 intentionally tackled, beat, and tased Plaintiff in order to detain her despite Plaintiff informing them she was not Ms. Turner, that Ms. Turner was her daughter.

79. Ms. Smith did not knowingly or voluntarily consent to her detention or arrest. Plaintiff did not feel that she was free to leave as she lay beaten and tased on the ground. By tackling, beating, and tasing Plaintiff, Defendants DOES 1-20, deprived Ms. Smith, who was unarmed, of her liberty without justification. Further, Defendants DOES 1-20 did not have probable cause to believe that Ms. Smith, specifically, had committed any crime.

80. The conduct against Plaintiff by Defendants DOES 1-20, by tackling, tasing and beating her, was a substantial factor in causing her harm as set forth above.

81. CITY is vicariously liable for the wrongful acts of Defendants DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82. Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff's freedom of movement, and compelled Plaintiff to remain and/or move against his will. Defendants authorized, directed, and assisted in procuring, without process, Plaintiff's unlawful arrest and imprisonment.

83. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth at ¶¶42-44.

## SEVENTH CLAIM FOR RELIEF

### Negligence

### (California Government Code § 820 and California Common Law)

### (By Plaintiff Miriam Smith Against CITY, DOES 1-20 and DOES 41-50)

84. Plaintiff realleges each and every allegation in paragraphs 1 through 76 of this

SIAS LAW, INC.,
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

Complaint with the same force and effect as if fully set forth herein.

85. At all times, each Defendant owed a duty to act with care tin the execution and enforcement of any right, law or legal obligation.

86. At all times relevant, each Defendant owed Plaintiff the duty to act with reasonable care.

87. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited to, the following specific obligations:

a. To refrain from using or tolerating the use of excessive and/or unreasonable force against Plaintiff;

b. To refrain from wrongfully arresting and/or detaining Plaintiff, or tolerating such conduct by others;

c. To refrain from tactics and conduct that lead to the otherwise unnecessary seizure of and use of force against Plaintiff;

d. To intervene to stop and/or remedy observed violations of rights by other officers;

e. To refrain from abusing their authority granted them by law;

f. To refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

88. Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants CITY OF GILROY and SCOT SMITHEE, and DOES 21-40, include but are not limited to the following specific obligations:

a. To properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or CPD officers, including Defendant MANSOURIAN to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b. To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

c. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶ 54, above.

89. Defendants, through their acts and omissions, breached each and every one of the

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

aforementioned duties owed to Plaintiff.

90. CITY is vicariously liable for the wrongful acts of Defendants DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 42-44.

**EIGHTH CLAIM FOR RELIEF**

**Violation of Bane Act**

**(California Civil Code § 52.1)**

**(By Plaintiff Against CITY, DOES 1-20, and DOES 41-50)**

92.  Plaintiff realleges each and every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as if fully set forth herein.

93. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

a.      The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment (as incorporated by the Fourteenth Amendment);

b.      The right to be free from excessive and unreasonable force as secured by the Fourth Amendment (as incorporated by the Fourteenth Amendment);

c.      The right to be free from unlawful and unreasonable seizure and search of one's person as secured by the California Constitution, Article 1, Section 13;

d.      The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

e.      The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

94. Separate from, and above and beyond, Defendants' attempted interference, interference

COMPLAINT FOR DAMAGES AND JURY DEMAND

SIAS LAW, INC.,
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct constituting threats, intimidation, or coercion:

    a.  seizing Plaintiff without any command to stop, warning, or reasonable suspicion;

    b.  restraining, tackling and using force against Plaintiff in the absence of any threat or justification whatsoever;

    c.  continuing to forcefully restrain Plaintiff on the ground when Plaintiff was not resisting, attempting to flee, or posing any threat, and in spite of Plaintiff's protests that he has screaming in pain;

    d.  arresting Plaintiff without probable cause, including forcing Plaintiff to the ground and restraining him;

    e.  continuing Plaintiff's arrest and custody after any probable cause that Defendants may have erroneously believed existed to justify arresting the Plaintiff had eroded, such that the officer's conduct became intentionally coercive and wrongful; and

    f.  violating Plaintiff's rights to be free from unlawful seizures under Cal. Const. Art. 1, Sec. 13, by both wrongful arrest and excessive force.

95.   In addition to the above, Defendants unreasonable and excessive use of force under the circumstances (especially considering Ms. Smith's age, gender, the fact that GPD knew or should have known that Ms. Smith was not Ms. Turner and the fact that she was unarmed and not a threat to officers or anyone's safety) violated Ms. Smith's rights under state and federal laws and under the state and federal Constitution, including, but not limited to, due process, the right to bodily integrity, including their rights under Civil Code Section 43, Penal Code sections 149, 240, and 242, and her rights under Article 1, Sections 1, 7, 1and/or 13 of the California Constitution.

96.   Furthermore, Defendants detained and arrested Ms. Smith without reasonable suspicion and/or probable cause, thus depriving Ms. Smith of her right to be free from unreasonable searches and seizures under the Fourth Amendment and as applied to state actors by the Fourteenth Amendment.

97.   Defendants' conduct caused Ms. Smith extreme pain and suffering, and the loss of

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

enjoyment of life and earning capacity.

98.  Defendants intentionally violated Ms. Smith's rights under § 1983 by detaining her without reasonable suspicion or probable cause to arrest and by using excessive force against Ms. Smith. Furthermore, these acts by DOES 1-20 demonstrate that they had a reckless disregard for Ms. Smith's Constitutional rights.

99.  At the time of Ms. Smith being tackled, tased, and punched in the back, Ms. Smith did not pose an immediate threat of death or serious bodily injury and Ms. Smith never verbally threatened anyone prior to her beating. There is direct and circumstantial evidence that DOES 1-20 intentionally violated Ms. Smith's rights under § 1983 by unlawfully detaining her, by unlawfully arresting her, and by unlawfully using excessive force, including, but not limited to tasing her even after she was detained.

100.    DOES 1-20, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Ms. Smith to be free from unreasonable searches and seizures and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation. Ms. Turner, an African-American woman, was also racially profiled by the involved officers.

101.  The conduct of DOES 1-20 was a substantial factor in causing the harms, losses, injuries, and damages of Ms. Smith because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

102.  CITY is vicariously liable for the wrongful acts of DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

103.  As a direct and proximate cause of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 42-44, and all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

costs, attorneys fees, treble damages, and civil penalties.

## NINTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (California Government Code § 820 and California Common Law)

### (By Plaintiff Against CITY, DOES 1-20, and DOES 41-50)

104.     Plaintiff realleges each and every allegation in paragraphs 1 through 103 of this Complaint with the same force and effect as if fully set forth herein.

105.     Defendants' above-described conduct was extreme, unreasonable and outrageous.

106.     In engaging in the aforementioned conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

107.     CITY is vicariously liable for the wrongful acts of Defendants DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

108.     Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff's freedom of movement, and compelled Plaintiff to remain and/or move against his will. Defendants authorized, directed, and assisted in procuring, without process, Plaintiff's unlawful arrest and imprisonment.

109.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth at ¶¶42-44.

## TENTH CLAIM FOR RELIEF

### Assault

### (California Government Code § 820 and California Common Law)

### (By Plaintiff Miriam Smith Against CITY, DOES 1-20 and DOES 41-50)

110.     Plaintiff realleges each and every allegation in paragraphs 1 through 109 of this Complaint with the same force and effect as if fully set forth herein.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

111.    At no time during the events described above, and at all other pertinent times, did Defendants have a warrant for the arrest of Plaintiff, nor did Defendants have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime. Defendants also lacked reasonable suspicion to detain Plaintiff at any time, and Defendants were not engaged in any lawful investigative detention of Plaintiff.

112.    Defendants DOES 1-20, while working as police officers for CITY, and acting within the course and scope of their duties, intentionally caused Plaintiff to fear that she was to be hit, tased, beaten, physically harmed and injured, and arrested without legal cause.

113.    Defendants tackled, beat, and tased Plaintiff, who was unarmed, and deprived her of her liberty without justification. Further, Defendants DOES 1-20 did not have probable cause to believe that Ms. Smith, specifically, had committed any crime and acted without case. Furthermore, Defendants' conduct was neither privileged nor justified under statute or common law.

114.    The conduct against Plaintiff by Defendants DOES 1-20, by tackling, tasing and beating her, was a substantial factor in causing her harm as set forth above.

115.    CITY is vicariously liable for the wrongful acts of Defendants DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

116.    Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff's freedom of movement, and compelled Plaintiff to remain and/or move against his will. Defendants authorized, directed, and assisted in procuring, without process, Plaintiff's unlawful arrest and imprisonment.

117.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth at ¶¶42-44.

///

///

///

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

## **PRAYER**

**WHEREFORE**, Plaintiff prays judgment against Defendants and each of them, jointly and severally as follows

1. For compensatory (or general) in an amount according to proof and which is fair, just and reasonable;

2. For punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable (but not against Defendant City of Gilroy);

3. For prejudgment interest;

4. For all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, Cal. Code of Civ. Proc. 1021.5, and as otherwise may be allowed by California and/or federal law;

5. For such other and further relief as presented by the evidence in this case and as this Court may deem just, proper and appropriate.


Dated: January 11, 2021

                                                    **SIAS LAW, INC.**



Respectfully Submitted By:     _____
                                                    JASON O. SIAS
                                                    Attorney for Plaintiff
                                                    MIRIAM SMITH

SIAS LAW, INC.,
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

Dated: January 11, 2021

**SIAS LAW, INC.**

Respectfully Submitted By: _____

JASON O. SIAS
Attorney for Plaintiff
MIRIAM SMITH

COMPLAINT FOR DAMAGES AND JURY DEMAND